UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON D. HARRIS,<br><br>                Plaintiff,<br><br>        v.<br><br>PAUL OSTERLIE, JR., et al.,<br><br>                Defendants. | No.  2:15-cv-01041 DB<br><br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs by his work supervisor (defendant Osterlie) and a medical practitioner (defendant Todd).  Defendants move to dismiss the action as untimely.  For the reasons outlined below, the undersigned respectfully recommends that defendants' motion to dismiss be granted as the action is barred by the statute of limitations and orders the clerk's office to assign a district judge to this case to issue a ruling based upon these findings and recommendations.

I.      Factual and Procedural Background

        On January 12, 2009, plaintiff allegedly damaged a ligament in his lower back while performing his work duties.  (ECF No. 9.)  Plaintiff did not immediately report the injury to his supervisor, defendant Osterlie, because he did not feel any pain at the time.  (Id. at 5.)  On

////

1

1    February 23, 2009, plaintiff realized he was in pain and reported this to defendant Osterlie, who

2    sent plaintiff to the facility medical clinic.  (Id. at 6.)

3         While in medical, plaintiff alleges that defendant Todd, "did absolutely nothing by way of

4    thorough examination or a evaluation[.] "  (Id.)  Upon returning to work, defendant Osterlie asked

5    plaintiff "what had transpired," and he explained that Todd only looked at his back without

6    attempting to assess the injury.  (Id.)  Defendant Osterlie then instructed that plaintiff be moved to

7    a less strenuous assignment.  (Id.)  Plaintiff claims he was in constant pain, and on March 3, 2009

8    he requested to file a workers compensation claim.  (Id. at 6-7.)  The same day, plaintiff returned

9    to medical and alleges that defendant Todd issued him a two-day lay-in without examining,

10   evaluating, diagnosing, or scheduling plaintiff to see a specialist.  (Id. at 12-13.)

11        Plaintiff asserts claims for deliberate indifference to a medical need against defendants

12   Osterlie and Todd.  (Id. at 22-25.)  Plaintiff claims to have "exhausted all available administrative

13   remedies regarding these matters described in this complaint," by filing an inmate grievance on

14   August 4, 2014, which was denied at all three levels of review.  (Id. at 21-22.)

15        Plaintiff filed a lawsuit in December 2012 against defendant Osterlie and several others in

16   the Eastern District of California seeking the same remedy -- damages for a medical deliberate

17   indifference claim under the Eighth Amendment -- for the same course of conduct.  Harris v.

18   Hawkins, No. 2:12-cv-3067-KJM-EFB P, ECF No. 1 (E.D. Cal. Dec. 20, 2012).  Defendant Todd

19   was not named in the 2012 lawsuit.  Id.  On September 30, 2014, the district judge assigned to

20   that case dismissed the action without prejudice for failure to exhaust administrative remedies.

21   Harris v. Hawkins, No. 2:12-cv-3067-KJM-EFB P, ECF No. 36 (E.D. Cal. Sept. 30, 2014).

22   II.    Legal Standard for Motion to Dismiss

23        To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

24   complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

25   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

26   Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of

27   the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

28   construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,

2

1  421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2  Haines v. Kerner, 404 U.S. 519, 520 (1972).

3        A district court may dismiss an action under Rule 12(b)(6) "[i]f the running of the statute

4  [of limitations period] is apparent on the face of the complaint," and "if the assertions of the

5  complaint, read with the required liberality, would not permit the plaintiff to prove that the statute

6  was tolled."  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  A motion to

7  dismiss based on the statute of limitations cannot be granted "if the factual and legal issues are

8  not sufficiently clear to permit [the court] to determine with certainty whether the doctrine [of

9  equitable tolling] could be successfully invoked."  Supermail Cargo, Inc. v. United States, 68

10  F.3d 1204, 1207 (9th Cir. 1995).

11        The court may consider facts established by exhibits attached to the complaint.  Durning

12  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

13  that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th

14  Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with

15  the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

16  III.    Statute of Limitations Period

17        There is no specified statute of limitations under 42 U.S.C. § 1983, so the federal courts

18  look to the law of the state in which the cause of action arose and apply the state law of

19  limitations.  Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012).  For actions under 42 U.S.C. §

20  1983, courts apply the forum state's statute of limitations for personal injury actions, along with

21  the state's law regarding tolling, except to the extent any of these laws is inconsistent with federal

22  law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  In California, the statute of limitations

23  for personal injury actions is two years.  Cal. Code Civ. Proc. § 335.1.  Prisoners serving a term

24  less than life have statutory tolling for an additional two years, which results in a total limitations

25  period of four years.  See id. § 352.1(a).  California law also requires that "the applicable statute

26  of limitations must be tolled while a prisoner completes the mandatory exhaustion process."

27  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

28  ////

1    "Although state law determines the length of the limitations period, 'federal law

2    determines when a civil rights claim accrues.'" <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir.

3    2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir.2000)). Under

4    federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is

5    the basis of the action.  <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999); <u>see also</u> <u>Azer</u>,

6    306 F.3d at 936.

7          All of the acts and omissions plaintiff complains of happened in February and March

8    2009.  On January 12, 2009, plaintiff claims to have been injured while performing work duties.

9    (ECF No. 9 at 5.)  Plaintiff did not complain until February 23, 2009.  (<u>Id.</u>)  Plaintiff reported his

10   injury to defendant Osterlie, who sent him to the facility medical clinic where he was seen by

11   defendant Todd who he claims failed to examine him.  (<u>Id.</u> at 5-6.)  Defendant Todd sent plaintiff

12   back to his job assignment where defendant Osterlie instructed that he be moved to a less

13   strenuous assignment.  (<u>Id.</u> at 6.)

14         On March 3, 2009, after realizing that defendant Osterlie "had no intention of summoning

15   the medical treatment this Plaintiff was in need of," plaintiff asked to make a "workman

16   compensation claim" and went back to the medical clinic, where defendant Todd issued him a

17   two-day lay-in.  (<u>Id.</u> at 7, 13.)  During the period between February 23, 2009 to March 26, 2009,

18   plaintiff alleges that he was "made to work" even though he was suffering and in pain.  (<u>See</u> <u>id.</u> at

19   6.)

20         According to this timeline, plaintiff's claims accrued no later than March 2009 because he

21   knew or had reason to know of the injuries being pled in this case. <u>See</u> <u>TwoRivers</u>, 174 F.3d at

22   991 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the

23   injury which is the basis of the action.").  Plaintiff, in his opposition, concedes that the statute of

24   limitations period for his claims is four years and that it began to run in March of 2009; however,

25   he asserts that the statute of limitations was equitably tolled for portions of that period, which

26   makes his May 13, 2015 complaint in this action timely.  (ECF No. 20.)

27   ////

28   ////

4

1   IV.   Legal Analysis

2          Plaintiff's claims against both defendants are barred by the statute of limitations.  As

3   noted above, plaintiff's claim accrued, and the statute of limitations started running, in March of

4   2009 when plaintiff alleges he was forced to work despite his injury and inadequate healthcare.

5   (ECF No. 9 at 6.)  He was entitled to four years (the sum of the time allowed by the usual

6   limitations period and statutory tolling under section § 352.1) from that time to file suit because

7   he is a prisoner serving less than a term of life.  This means that he had until March 31, 2013, at

8   the latest, to file suit. The current suit was not filed until 2015, which is well after the 2013

9   deadline.

10         Plaintiff's initial lawsuit in this court did not toll the statute of limitations.  California

11  treats an action dismissed without prejudice as if "no action has been brought," unless a statute

12  specifies otherwise.  Wood v. Elling Corp., 20 Cal.3d 353, 359 (1977).  In an appropriate case,

13  however, the statute of limitations might be tolled for time spent pursuing a remedy in another

14  forum (such as state court) before filing the claim in federal court.  Cervantes v. City of San

15  Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317

16  (1978)) (equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when,

17  possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen

18  the extent of his injuries or damage.").  Plaintiff's action does not fall under this exception,

19  however, because he did not pursue his remedies in another forum before filing his federal suit.

20         Federal law provides no relief for plaintiff because his prior lawsuit was dismissed

21  without prejudice, enabling him to refile at any time.  "[I]f the suit is dismissed without prejudice,

22  meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the

23  statute of limitations is deemed to have continued running from whenever the cause of action

24  accrued, without interruption by that filing." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir.

25  2000); O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (citing with approval

26  Chico–Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998), which cited eight federal

27  circuits for the rule that the statute of limitations is not tolled when a complaint containing the

28  same claims as a later suit is dismissed without prejudice). See also Morris v. Travis, No. 10-cv-

1   04010-WHO (PR), 2015 WL 7015327 (N.D. Cal. Nov. 12, 2015) (holding that plaintiff's

2   previous lawsuits did not toll the statute of limitations where they were dismissed without

3   prejudice and filed in federal court).

4        Plaintiff argues that an administrative appeal he filed in 2012 entitles him to a period of

5   equitable tolling from April 1, 2012 through October 25, 2012.  (ECF No. 20 at 8.)  Plaintiff is

6   correct that exhausting administrative remedies does toll the statute of limitations.  However, a

7   review of the 2012 administrative appeal reveals that plaintiff's complaints concerned the

8   treatment he received from a Dr. Hawkins on dates well after the cause of action here, which

9   occurred in February and March of 2009.  (ECF No. 20 at 55-58.)  There is no indication that

10  Plaintiff was claiming that defendants Osterlie or Todd were deliberately indifferent towards

11  Plaintiff's injury as he now claims in this action.  Thus, the claims against defendants Osterlie and

12  Todd were not exhausted in the 2012 administrative appeal, and defendants Osterlie and Todd

13  were not then aware of the claims currently against them.

14       Furthermore, plaintiff's prior district court action was dismissed for failure to exhaust

15  administrative remedies against defendant Osterlie.  Harris v. Hawkins, No. 2:12-cv-3067-KJM-

16  EFB P, ECF No. 36 (E.D. Cal. Sept. 30, 2014).  As noted above, defendant Todd was not a party

17  to the 2012 lawsuit.  Accordingly, plaintiff is not entitled to equitable tolling for the 2012

18  administrative appeal because that appeal has no bearing on defendants or the alleged events of

19  this action.

20       And finally, plaintiff's administrative appeal filed in August of 2014 was too late to toll

21  the statute of limitations, which had already run more than a year prior.  While a plaintiff is

22  entitled to equitable tolling for the filing of an administrative appeal, any possible tolling from

23  such an appeal is rendered moot if the statute of limitations period has already run.  As the court

24  demonstrated above, plaintiff's statute of limitations period ran in March of 2013 because his

25  2012 lawsuit and 2012 administrative appeal did not toll the limitations period concerning the

26  claims asserted in this action.

27       Accordingly, this action should be dismissed with prejudice as barred by the statute of

28  limitations.

V.    Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the clerk's office assign a district judge to this case in order to issue a final order on the motion to dismiss and IT IS HEREBY RECOMMENDED that:

1.    Defendants' motion to dismiss be granted; and

2.    Plaintiff's case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 23, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / harr.1041.mtd

7